UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MAURICE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-cv-01546-PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Maurice Johnson, a *pro se* prisoner, filed this habeas corpus petition challenging his conviction and sentence by the Lake County Superior Court on September 7, 1995, under cause number 45G03-9401-CF-019. This petition is untimely. But even if it weren't, the claims raised by Johnson are without merit – so let me start there.

Johnson says he belongs to the "Moorish American Nation" and all three of his grounds for relief center on that supposed status. In Ground One, Johnson states that he is "a freeborn Moorish American National and indigenous native, blood-descendant to the Moorish Empire." Docket Entry 2 at 5. Then at some length he explains why he thinks this means that he cannot be subjected to the Rape and Criminal Deviate Conduct laws of the State of Indiana for which he was convicted. In Ground 2, he states that a treaty between the United States and Morocco "forbids Moorish moslems from being tried in any christian court of law . . . ." DE 2 at 9. In Ground 3, Johnson states that, "the use of all capital letters in my name indicates that I was brought into this cause as a corporation without my 'consent'." DE 2 at 12. These arguments are

meritless. The Seventh Circuit, responding to a similar claim "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen," wrote that "[t]his argument is frivolous." *United States v. Toader*, 409 Fed. Appx. 9, 13 (7th Cir. 2010); *see also El v. AmeriCredit Fin. Servs.*, 710 F.3d 748, 750 (7th Cir. 2013) (explaining the "Sovereign Citizens" movement). "Laws of the United States apply to all persons within its borders. Even if [the defendant] were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003)."Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). So even if this petition were timely, it still wouldn't present any basis for habeas corpus relief.

But as I noted at the outset, Johnson was convicted over 18 years ago, so this petition is untimely in any event. Habeas Corpus petitions are subject to a strict one-year statute of limitations. Question 18 on the form used by Johnson set forth this statutory requirement and asked him to explain why he believes that his petition is timely. Here is that portion of the statute which was printed on the form:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In response, Johnson typed:

> The petitioner states as fact and truth the following.
> Was released on conviction after serving 18 and a half years in prison on 9/1/2011. Because I refused to sign parole papers for the reasons mentioned herein, I was re-arrested for parole violation on 9/11/2013. The purpose for this instrument is to vacate the original sentence handed down by the LAKE COUNTY SUPERIOR COURT, because I'm being forced to complete the remainder of my sentence under This cause, which was de facto from the start. I served 18 plus years from a court that never had jurisdiction to compel me to perform. DENATIONALIZATION, is a first degree criminal violation for any government to enact upon a people under colorable amendments to its constitutional laws, (see federal rule title 18, section 241-242, "NO ONE: HAS THE RIGHT, ESPECIALLY UNDER CADGES, AND COURTS etc.) TO DENATIONALIZE, DEPRIVE ANY RIGHTS, PRIVILEGE OR IMMUNITIES BY REASON OF COLOR OR RACE.

DE 2 at 19.

Though this response makes clear that Johnson is challenging his original 1995 conviction (and not his 2013 parole violation), it says nothing about why this petition is timely. Specifically, it makes no mention of any state action which prevented him from filing this habeas corpus petition sooner. Neither does it say that the petition is based on a newly recognized Constitutional right or newly discovered evidence. Moreover, none of the claims raised in this petition give an indication that any of those three factors are relevant to this case. Therefore §§ 2244(d)(1)(B), (C) and (D) are not applicable and the one-year period of limitation began – pursuant to § 2244(d)(1)(A) – when the judgment became final upon the expiration of the time for seeking direct review.

Johnson filed a direct appeal to the Court of Appeals of Indiana which affirmed his conviction on July 29, 1998. *Johnson v. State*, 700 N.E. 2d 509 (Ind. Ct. App. 1998) (table), *see also* Indiana Clerk of Appellate Courts Online Docket, https://courtapps.in.gov/Docket/Search/Detail?casenumber=45A059712CR00513. Johnson did not file a petition to transfer to the Indiana Supreme Court. *Id.* The deadline for doing so expired 30 days later on August 28, 1998. *See* Ind. R. App. P. 57(C). Because he did not file a post-conviction relief petition (DE 2 at 2-3), the one-year period of limitation for filing a habeas corpus petition expired on August 30, 1999. This habeas corpus petition was not filed until nearly fifteen years later and it is therefore untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a

4

petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The petitioner must show that reasonable jurists would find it debatable both whether the court's procedural ruling was correct, and whether the petitioner states a valid claim for the denial of a constitutional right. *Id.* at 484. As previously explained, this petition is untimely and the claims it presents are meritless. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage the petitioner to proceed further, I will not grant him a certificate of appealability.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**SO ORDERED**.

ENTERED: May 22, 2014        /s/ Philip P. Simon
                             Chief Judge
                             United States District Court